REED ET AL. *v.* THE COUNTY COMMISSIONERS OF DELAWARE COUNTY, PENNSYLVANIA, ET AL.

No. 744. Argued and submitted April 25, 26, 30, 1928.—Decided May 28, 1928.

*Mr. Levi Cooke,* for petitioners. *Senators James A. Reed, Charles L. McNary, William H. King,* and *Robert*

*M. La Follette, Jr.,* and *Mr. Jerry C. South,* the petitioners in the case, and *Senator Guy D. Goff* and *Mr. Frederic P. Lee,* Legislative Counsel for the Senate, were on the brief.

This cause presents a controversy which requires the exercise of the judicial power of the United States. The District Court dismissed the petition upon the ground that the cause presented for determination could not result in a judgment, the rendition of which would be the exercise of judicial powers. The point was not raised or argued by counsel for either petitioners or respondents before that court. The court came to this conclusion by the following steps: The Constitution vests in the Senate the determination of the rules of its proceedings; the regulation of the mode and manner of procedure of its committees is a part of the determination of the rules of proceedings; this determination is exclusively for the Senate, except that "in cases or controversies such, for instance, as habeas corpus proceedings," a court may construe the rules of proceedings of the Senate; the Senate would not be bound by a judgment of the court in the instant case, "because of its constitutional right to determine under its rules of proceedings whether or not the committee it once authorized to act for it, has continuing power to act under that authority."

The trial court shows unnecessary concern regarding further possible action by the Senate when the authority of the committee plainly discloses the Senate's determination to investigate the election of a Senator, a purpose the accomplishment of which primarily requires the possession of the ballot boxes and election papers pleaded as the subject of the suit.

The subject-matter of the litigation is the ballot boxes and election papers and the right of possession thereto. As an incident to arriving at its decision, the court must determine the status of a Senate special select committee. The fact that the cause involves the determination

through court proceedings of legal status; does not prevent the cause from being a case or controversy within the meaning of those terms as used in the Constitution, nor the judgment of the court rendered therein from being an exercise of judicial power. *McGrain* v. *Daugherty*, 273 U. S. 135; *Tutun* v. *United States*, 270 U. S. 568; *Fidelity Nat'l Bank* v. *Swope*, 274 U. S. 123.

Jurisdiction was vested in the District Court by § 24, ¶ First, of the Judicial Code.

This is a civil suit in equity. Relief in the form of a mandatory injunction is within the power of a federal court of equity to grant. *Covington Stockyards Co.* v. *Keith*, 139 U. S. 128; *In re Lennon*, 166 U. S. 548; *Washington ex rel. Markham* v. *Seattle*, 1 F. (2d) 605; *id.*, 2 F. (2d) 264. Mandatory injunctions may be issued by a federal court in equity against state and municipal officers to compel the performance of ministerial duties.

The federal courts have jurisdiction in equity to render assistance to the National Government by appropriate remedy in the exercise of a sovereign power or in the discharge of a sovereign duty vested in or imposed upon the National Government by the Constitution, expressly or impliedly. *In re Debs*, 158 U. S. 564; *United States* v. *San Jacinto Tin Co.*, 125 U. S. 273; *United States* v. *Bell Telephone Co.*, 128 U. S. 215; *United States* v. *Rickert*, 188 U. S. 432; *Heckman* v. *United States*, 224 U. S. 413; *Sanitary District* v. *United States*, 266 U. S. 405; *Colorado* v. *Toll*, 268 U. S. 228; *Missouri* v. *Holland*, 252 U. S. 416.

The constitutional power of inquiry of the Senate is involved in the present case. *Newberry* v. *United States*, 256 U. S. 232; *McGrain* v. *Daugherty*, 273 U. S. 135.

The constitutional power of inquiry has been vested by the Senate in the special select committee.

The people of Pennsylvania have rights conferred on them by the Seventeenth Amendment in respect of the

election of members of the United States Senate. Such rights involve the relationship of citizens of the United States to the Federal Government. The United States, as *parens patriae*, is authorized to protect these rights when protection is appropriate. *Massachusetts* v. *Mellon*, 262 U. S. 447; *Florida* v. *Mellon*, 273 U. S. 12.

There is no clear, adequate, and complete remedy at law.

The suit is brought by the United States and by officers of the United States authorized by law to sue. The United States is the real party in interest. It is the constitutional powers of the National Government that are involved. These are powers of inquiry auxiliary to the power to judge the elections, returns, and qualifications of members of the Senate, or auxiliary to the power to legislate for the regulation of the times and manner of holding Senatorial elections, not only in order to protect the Senate, but also to protect the electoral rights of citizens of the United States. The suit presents for decision the right of the United States to preserve the integrity of the legislative branch of the Government in part through the exercise by a Senate Committee of these constitutional powers of inquiry.

Any suit brought in the exercise of a constitutional power of the United States on behalf of citizens of the United States, or for the protection of the interests of the United States, or any of its judicial, legislative, or executive agencies, is a suit in which the United States is the real party in interest. *United States* v. *San Jacinto Tin Co.*, 125 U. S. 273; *In re Debs*, 158 U. S. 564; *Sanitary District* v. *United States*, 266 U. S. 405. It may not be said that the National Government has a less interest in the execution of powers of the legislative branch of the Government than of the executive branch.

If a suit involves a public interest which the United States undertakes to protect, or the interest of one of its

own governmental agencies, such a suit is a suit " brought by the United States " whether or not so entitled. *Benton* v. *Woolsey*, 12 Pet. 27; *Jecker* v. *Montgomery*, 18 How. 110. See also the following cases to the effect that suit against an officer of the United States is a suit against the United States if the United States is the real party in interest: *International Postal Supply Co.* v. *Bruce*, 194 U. S. 601; *Louisiana* v. *McAdoo*, 234 U. S. 627; *Wells* v. *Roper*, 246 U. S. 335; *Lambert Co.* v. *B. & O. R. R. Co.*, 258 U. S. 377; *Morrison* v. *Work*, 266 U. S. 481.

If it were found that, in order to maintain jurisdiction, the United States, even though the real party in interest, is nevertheless required to appear on the record as a complainant, the United States may, in the discretion of the Court, without dismissal of the petition, be joined with the present petitioners by amendment under Rule 19 of the Equity Rules.

A suit may be brought by the United States, though not instituted by the Department of Justice. The Congress has the power to designate the officers or agencies to represent the Government in suits other than those brought to enforce the separate constitutional rights of either House.

There may not be imputed to Congress any intent to vest in the Department of Justice the discretion as to whether or not suit should be instituted to enforce any of the separate constitutional rights of the Senate. But even if such intent were so imputed and an Act of Congress to such effect could be found, such an Act should not be construed as affording an exclusive procedure. It could not deprive the Senate of its power to resort directly, if it so desired, to the courts in aid of the execution by the Senate of one of its separate powers under the Constitution. The Senate itself, or a duly authorized committee or other representative thereof, is the only governmental agency having the right to determine

whether or not resort shall be had to the courts for the enforcement of such rights and to determine by whom the Senate is to be represented in any necessary judicial proceedings.

The petitioners are officers of the United States. They include four members of the United States Senate. Whether or not an United States Senator is an "officer of the United States" within the meaning of § 24 of the Judicial Code is a question of statutory interpretation and not a question of construction of the Constitution. *Lamar* v. *United States*, 240 U. S. 60; *id.*, 241 U. S. 103.

It has been held (*Lamar* v. *United States*, 241 U. S. 103) that a Representative in Congress is "an officer acting under the authority of the United States" within the meaning of a statute punishing a person for pretending to be such an officer.

In *Ex parte Yarborough*, 110 U. S. 651, this Court said that the Constitution "created the office of member of Congress." Cited with approval in *Swafford* v. *Templeton*, 185 U. S. 487, and *Wiley* v. *Sinkler*, 179 U. S. 58; and see *United States* v. *Aczel*, 219 Fed. 917, *id.*, 232 Fed. 652. *Burton* v. *United States*, 202 U. S. 344; *United States* v. *Germaine*, 99 U. S. 508; and *United States* v. *Mouat*, 124 U. S. 303, distinguished.

In the few cases in state courts in which the question has arisen, the holding has been that a Senator or Representative in Congress is not a state officer, but is an officer of the United States. See *State ex rel. Eaton* v. *Schmahl*, 140 Minn. 219; *State ex rel. Chandler* v. *Howell*, 104 Wash. 99; *State ex rel. Spofford* v. *Gifford*, 22 Idaho 613; *Eversole* v. *Brown*, 21 Ky. L. Rep. 925.

Since the adoption of the Seventeenth Amendment the *Lamar* case is controlling; a member of either House of Congress is an officer of the United States within the meaning of such statutes as § 24 of the Judicial Code.

The petitioner, South, was appointed by the committee as an officer authorized to represent it and act as its attorney. The Constitution, Art. II, § 2, recognizes that officers of the United States may be appointed in a manner other than by the President, heads of departments, or courts of law, as specified in that section. The constitutional authority of the Senate to choose its own officers is one such other method of appointment.

The resolutions need not state in terms that the committee might institute suit. Such a power is implied from the powers to " require by subpœna or otherwise " and "to do all acts necessary." The committee is .the agent of the Senate in conducting the inquiry. Under the. ordinary principles of agency, authority "to do all acts necessary" to accomplish an end, or similar language, or authority to take possission of certain documents or papers, includes the power to bring suit. *State ex rel. Giroux* v. *Giroux,* 15 Mont. 137; *Briggs* v. *Yetzer,* 103 Iowa 342; *Ryan* v. *Tudor,* 31 Kans. 366; *Joyce* v. *Duplessis,* 15 La. Ann. 242. See also *Citizens' Nat'l Bank* v. *Berry & Co.,* 53 Kans. 696; *Potter* v. *N. Y. Infant Asylum,* 44 Hun. (N. Y.) 367. The authority is vested in the special select committee by "law." A resolution of the Senate is law if adopted in the execution of one of the separate constitutional powers of the Senate. The history of § 24, par. First, gives force to this contention. The phrase "under the authority of any Act of Congress," in 3 Stat. 245, was subsequently changed to "authorized by law." Rev. Stats. § 563. Under this much broader phrase it would seem that not only officers authorized by Act of Congress but also officers authorized by the Constitution, by treaty, or by resolution of either House of Congress adopted in the exercise of its separate constitutional powers, are included.

The suit is not a suit against a State.

Use of its own forces is not the exclusive method of enforcing the Senate's process. In the event of disobedience to a subpoena, the Senate may proceed *vi et armis* and through its own force, exerted by the Sergeant at Arms or his deputies, arrest the witness (*McGrain* v. *Daugherty*, 273 U. S. 135), or seize the papers subpoenaed; or may through its own proceedings punish the contempt. These remedies are available whether the Senate is exerting powers of inquiry auxiliary to its functions regarding its membership (*Anderson* v. *Dunn*, 6 Wheat. 204; *Marshall* v. *Gordon*, 243 U. S. 521; Hinds' Prec. §§ 1604, 1666, 1669, and 1671; S. Doc. 278, 53d Cong., 2d sess., p. 311), or whether it is exerting powers of inquiry auxiliary to its legislative functions (Hinds' Prec. §§ 1720 and 1722; *McGrain* v. *Daugherty*, supra; unpublished opinion of Justice Hoehling in *Sinclair* v. *United States* in the Supreme Court of the District of Columbia, July 14, 1924; S. Rept. 142, 38th Cong., 2d sess., p. 20 of the "Journal of the Committee").

The above remedies, however, are not exclusive. If such remedies were exclusive, it could be only by reason of an implied constitutional prohibition preventing the Senate from resorting to the courts. It is not believed that any such constitutional prohibition can be implied. See *In re Chapman*, 166 U. S. 661; *I. C. C.* v. *Brimson*, 154 U. S. 447; *In re Debs*, 158 U. S. 564.

The status of the special select committee is a continuing one.

*Mr. Albert J. Williams* for respondents.

The case is moot. The respondents have in the most practical manner recognized the right of the Senate through one of its duly authorized committees to demand and receive the ballot boxes and their contents and other papers and records appertaining to said election. Though

some of them are missing, the right to them is not denied; they have simply been lost or destroyed.

The District Court can exercise only such jurisdiction as is authorized by acts of Congress. *United States* v. *Hudson,* 7 Cranch 32; *The Mayor, etc.* v. *Smith,* 6 Wall. 247; *Kentucky* v. *Powers,* 201 U. S. 1.

This is not a suit by the United States. It is fundamental that the United States should have the right to determine when and by whom litigation shall be instituted, to enforce its sovereignty and protect its interests. It has done so. Civil actions in which the United States is concerned are to be prosecuted by the United States Attorneys. Rev. Stats. § 771; *Confiscation Cases,* 7 Wall. 454; *United States* v. *McAvoy,* Fed. Cas. 15,654; *United States* v. *Rosenthal,* 121 Fed. 862. An Act of Congress was necessary to enable the Attorney General, other officers of the Department of Justice and special assistants to conduct grand jury proceedings. Act of June 30, 1906, c. 3935, 34 Stat. 816. Rev. Stats. § 361 places the authority to appear in this Court on behalf of the United States or its officers in the Attorney General and officers of his department.

Congress has therefore designated who shall act for the United States in instituting and prosecuting suits in its name and to protect its interests. The Senate is no more exempt from these acts than any other branch of the Government. In the exercise of its prerogatives by its officers and process, the Senate may act without let or hindrance, but when it applies in the name of the United States to the judicial branch of the Government for assistance in the enforcement of its powers, there is no good reason why it is not just as amenable to the law it helped create, prescribing what officer and department shall institute and conduct all suits by the United States, as any other branch of the Government. Petitioners

challenge the right of Congress to deny the Senate the right to choose whom it will to represent it in its resort to the Courts in aid of one of its separate powers under the Constitution. Therein they lose sight of the fact that such a suit, if maintainable at all, must be a suit by the United States and not of the Senate.

In the case at bar the suit was not brought in the name of the United States, and was not instituted and conducted by either the District Attorney or any officer of the Department of Justice (distinguishing *Benton* v. *Woolsey,* 12 Pet. 27, and *Jecker* v. *Montgomery,* 18 How. 110); it lacks all the earmarks of a suit by the United States and in fact and in name is not a suit by the United States, but by the members of a committee of the Senate, and that is all. Even their status as a committee of the Senate was in question until the passage of Senate Resolution No. 10, 70th Congress.

The suit is not by an officer of the United States authorized by law to sue. We have heretofore questioned whether the term " officer " as used in the Act applies to a Senator, and contended that it should be restricted to " officers " within § 2, Art. II, of the Constitution, citing *United States* v. *Germaine,* 99 U. S. 508. But the primary question to determine in a given case, is whether authority has been given by law to sue. If so, and the one to whom the authority is given is an officer of the United States, even though not within § 2, Art. II, of the Constitution, he would seem to be within the meaning of the Act.

It must be conceded that the Senate cannot of its own motion create power. All its powers are derived from the Constitution or Act of Congress. It cannot enlarge upon those powers nor vest greater powers in its committees. When it passes a resolution to conduct an inquiry and appoints a committee to conduct it, it does not create

power; it but delegates to the committee a power inherent in the Senate. This must be so. Thereunder neither the Senate nor the House can do singly what Congress can.

In short, if the Senate has not power to sue, it cannot legally grant such a power to one of its committees. Can the Senate sue? How would it sue? By joining all the members? It is not a legal entity and therefore could not sue in a corporate capacity. It is manifest that the Senate cannot sue. No provision has been made for it to do so, nor any machinery provided for it to do so. What it cannot do, it cannot enable one of its committees to do. Hence it cannot by law authorize any of its members to sue. Therefore, the resolutions in question are not an authorization by law to sue.

The petitioners ceased to be a committee of the Senate on the expiration of the 69th Congress.

MR. JUSTICE BUTLER delivered the opinion of the Court.

The petitioners brought this suit in the United States court for the eastern district of Pennsylvania. The court held it was without jurisdiction and dismissed the case. 21 F. (2d) 144. The Circuit Court of Appeals adopted its opinion and affirmed the decree. 21 F. (2d) 1018.

Petitioners maintain that the district court had jurisdiction under the first paragraph of § 24 of the Judicial Code, U. S. C. Tit. 28, § 41, which provides that the district courts shall have original jurisdiction " of all suits of a civil nature, at common law or in equity, brought by the United States, or by any officer thereof authorized by law to sue . . ."

Petitioners, other than South, are United States Senators and constitute a special committee created by Senate Resolution 195, passed May 19, 1926, to make investigation of means used to influence the nomination of candidates for the Senate. The Resolution empowered the committee " to require by subpœna or otherwise the at-

tendance of witnesses, the production of books, papers, and documents, and to do such other acts as may be necessary in the matter of said investigation."

At a general election held in Pennsylvania, November 2, 1926, William S. Vare and William B. Wilson were opposing candidates for the United States Senate. Vare was given the certificate of election and Wilson initiated a contest. Thereafter, January 11, 1927, the Senate passed Resolution 324. It recites that Wilson charges fraudulent and unlawful practices in connection with Vare's nomination and the election and declares that, unless preserved for the use of the Senate, evidence relating to the election will be lost or destroyed. The Resolution empowers the special committee "to take . . . and preserve all ballot boxes, . . . ballots, return sheets, . . . and other records, books and documents used in said senatorial election. . . ." It confers on the committee "all powers of procedure with respect to the subject matter of this resolution that said committee possesses under Resolution Numbered 195 . . . with respect to the subject matter of that resolution." And it requires the Sergeant at Arms of the Senate to attend and execute the directions of the committee.

The Chairman of the Committee on Audit and Control of Contingent Expenditures having refused to approve the special committee's vouchers for expenses after the expiration of that Congress, the Sergeant at Arms refused to execute its orders. Thereupon the special committee directed the petitioner South, as its representative, to take possession of the boxes, ballots and other things referred to in Resolution 324.

Respondents are the commissioners, the prothonotary and a justice of the peace of Delaware County, Pennsylvania. They are authorized custodians of boxes, ballots and other things used in connection with the election. These were demanded by South in behalf of the commit-

tee. Respondents declined to give them up, and this suit was brought to obtain possession of them.

Petitioners do not claim that any Act of Congress authorizes the committee or its members, collectively or separately, to sue. Of course, South's authority is no greater than that of the committee which he represents. The suit cannot be maintained unless the committee or its members were authorized to sue by Resolutions 195 and 324, even if it be assumed that the Senate alone may give that authority. The power is not specifically granted by either resolution. Petitioners rely on the general language in Resolution 195 which follows the express authorization of the committee to use its own process to require the production of evidence. The words are " and to do such other acts as may be necessary in the matter of said investigation." The resolutions are to be construed having regard to the power possessed and customarily exerted by the Senate. It is the judge of the elections, returns and qualifications of its members. Art. I, § 5. It is fully empowered, and may determine such matters without the aid of the House of Representatives or the Executive or Judicial Department. That power carries with it authority to take such steps as may be appropriate and necessary to secure information upon which to decide concerning elections. It has been customary for the Senate—and the House as well—to rely on its own power to compel attendance of witnesses and production of evidence in investigations made by it or through its committees. By means of its own process or that of its committee, the Senate is empowered to obtain evidence relating to the matters committed to it by the Constitution. *McGrain* v. *Daugherty,* 273 U. S. 135, 160, 161, 167, 174. And Congress has passed laws calculated to facilitate such investigations. R. S. §§ 101–104, U. S. C. Tit. 2, §§ 191–194. Petitioners have not called attention to any action of the Senate, and we know of none,

that supports the construction for which they contend. In the absence of some definite indication of that purpose, the Senate may not reasonably be held to have intended to depart from its established usage. Authority to exert the powers of the Senate to compel production of evidence differs widely from authority to invoke judicial power for that purpose. The phrase "such other acts as may be necessary" may not be taken to include everything that under any circumstances might be covered by its words. The meaning of the general language employed is to be confined to acts belonging to the same general class as those specifically authorized. *Oates* v. *National Bank,* 100 U. S. 239, 244. *Barrett* v. *Van Pelt,* 268 U. S. 85, 90. *Baltimore & Ohio Railroad Co.* v. *United States, ante,* p. 291. The context; the established practice of the Senate to rely on its own powers, and the attending circumstances oppose the construction for which petitioners contend and show that the Senate did not intend to authorize the committee, or anticipate that there might be need, to invoke the power of the Judicial Department. Petitioners are not "authorized by law to sue."

*Decree affirmed.*