# W. M. C. A., INC., ET AL. v. SIMON, SECRETARY OF STATE OF NEW YORK, ET AL.

No. 836.   Decided June 11, 1962.

*Leonard B. Sand* and *Max Gross* for appellants.

*Louis J. Lefkowitz,* Attorney General of New York, *Irving Galt,* Assistant Solicitor General, *George C. Mantzoros* and *Gretchen W. Oberman,* Assistant Attorneys General, *Sheldon Raab,* Deputy Assistant Attorney General, *Leo A. Larkin, Benjamin Offner, Bertram Harnett* and *Francis J. Morgan* for appellees.

Per Curiam.

On January 11, 1962, the three-judge District Court dismissed the complaint alleging violation of the Constitution of the United States by New York State's constitutional and statutory provisions governing apportionment of State Senate and Assembly Districts.   202 F. Supp. 741.   The three judges filed separate opinions, no two of which supported the judgment of dismissal on identical grounds.   One opinion expressed the view that the action should be dismissed for failure to state a claim, want of

justiciability, and want of equity. 202 F. Supp., at 742. A second opinion expressed the view that since the apportionment was not alleged to effect a discrimination against any particular racial or religious group, but merely a geographical discrimination, jurisdiction should be exercised, but only to dismiss. 202 F. Supp., at 754. A third opinion rested on the ground that the action was not justiciable and expressed no view on the merits. 202 F. Supp., at 755.

On March 26, 1962, we held in *Baker* v. *Carr*, 369 U. S. 186, that a justiciable federal constitutional cause of action is stated by a claim of arbitrary impairment of votes by means of invidiously discriminatory geographic classification. Our well-established practice of a remand for consideration in the light of a subsequent decision therefore applies. As in *Scholle* v. *Hare*, 369 U. S. 429, we believe that the court below should be the first to consider the merits of the federal constitutional claim, free from any doubts as to its justiciability and as to the merits of alleged arbitrary and invidious geographical discrimination. The judgment is vacated and the case is remanded for further consideration in the light of *Baker* v. *Carr*, *supra*.

The motions to substitute Paul R. Screvane in the place of Abe Stark, and Eugene H. Nickerson in the place of A. Holly Patterson, as parties appellee, are granted.

MR. JUSTICE FRANKFURTER took no part in the consideration or decision of this case.

MR. JUSTICE HARLAN, dissenting.

For reasons given in my dissent in *Scholle* v. *Hare*, 369 U. S. 429, 430, I would affirm, or, failing that, note probable jurisdiction. The complaint in this case squarely tenders the issue as to whether the Equal Protection

Clause of the Federal Constitution is violated by a state apportionment of seats in both its legislative chambers on other than a substantially proportional populational basis. As in *Scholle,* the lower court considered this claim on the merits and rejected it by holding that the existing distribution of New York State legislators (founded on principles embodied in the State Constitution since 1894) violated no federal constitutional right.

I read the opinions below quite differently than does the Court. The first opinion is that of Judge Levet, which the Court states "expressed the view that the action should be dismissed for failure to state a claim, want of justiciability, and want of equity." After first holding that the Court had jurisdiction over the action, Judge Levet held that "the complaint fails to state a claim upon which relief can be granted" (202 F. Supp., at 753), in that "[t]here is no authoritative indication that the relative weight accorded individual votes in elections for the state legislature, pursuant to the applicable provisions of the State Constitution, *is protected by the equal protection clause of the Fourteenth Amendment.* In fact, the contrary seems true." *Id.,* at 749. (Emphasis added.) He then proceeded further: "If the insufficiency of the complaint be not adequate to require dismissal of the complaint, as I believe it is, then the want of equity in the relief sought, or, to view it slightly differently, want of justiciability, clearly demands dismissal." *Id.,* at 753.

The second opinion is that of Judge Ryan, described by the Court as expressing "the view that since the apportionment was not alleged to effect a discrimination against any particular racial or religious group, but merely a geographical discrimination, jurisdiction should be exercised, but only to dismiss." Actually, however, Judge Ryan agreed with Judge Levet, stating at the outset of his separate opinion: "I concur with Judge Levet and the con-

clusions he has reached that this Court has jurisdiction to entertain this suit and that the complaint should be dismissed *on its merits." Id.,* at 754. (Emphasis added.) He went on to state: "The complaint is that the method of apportionment gives rise solely to territorial or purely geographical discrimination which grossly dilutes the vote of urban dwellers. Judicial interference by federal courts with the power of the state to create internal political or geographical boundaries affecting the right of suffrage can not be supported by mere territorial discrimination and nothing more." *Ibid.* While this language, taken in connection with some of that which precedes it (*ibid.*), might lend itself to the view that Judge Ryan was thinking only in terms of "justiciability," I do not think it is properly so read. Judge Ryan nowhere suggests that he disagrees with Judge Levet's further, and distinctive, ground for dismissal, that the complaint failed to state a federal constitutional claim.

The third opinion, that of Judge Waterman, did, as the Court says, turn only on "non-justiciability." Judge Waterman declined to "express any views with reference to whether the present legislative apportionment in the State of New York violates the Fourteenth Amendment to the United States Constitution," *id.,* at 755, thereby evincing his understanding that his colleagues had also rested decision on a ground which he found unnecessary to reach.

For me, it thus seems clear that two members of the three-judge court dismissed the action on two alternative grounds: (1) that the matter was not "justiciable"; (2) that the complaint stated no cause of action, in that the "territorial discrimination" existing under New York's legislative apportionment did not give rise to a claim cognizable under the Fourteenth Amendment. The latter ground was precisely the issue that was avoided in *Baker*

v. *Carr,* 369 U. S. 186, 330 (dissenting opinion); see also *id.,* at 265 (concurring opinion).

It is unfortunate that the Court, now for the second time, has remanded a case of this kind without first coming to grips itself with this basic constitutional issue, or even indicating any guidelines for decision in the lower courts. *Baker* v. *Carr, supra,* of course did neither.