**Application of Esther JAMES, Petitioner, for an order directing the Attorney General of the United States, Nicholas deB. Katzenbach, to commence a quo warranto proceeding against Adam Clayton Powell, Jr., etc.**

United States District Court
S. D. New York.
April 28, 1965.

---

Raymond Rubin, New York City, for petitioner.

Robert M. Morgenthau, U. S. Atty., Arthur S. Olick, Asst. U. S. Atty., of counsel, for respondent.

TENNEY, District Judge.

Petitioner moves herein, by order to show cause, for an order directing the Attorney General of the United States "to institute a proceeding in the nature of quo warranto to determine the right or title of Adam Clayton Powell, Jr., to the Office of the United States Congressional Representative of the 18th Congressional District of the State of New York", or in the alternative giving petitioner such right, on the grounds that "said Adam Clayton Powell, Jr., was not an inhabitant of the State of New York between October 3, 1964, and December 31, 1964, and therefore not an inhabitant thereof at the time of his election in November of 1964."

Petitioner is a judgment-creditor of Congressman Powell and alleges that his "Congressional Immunity" to arrest "has impaired, impeded and prejudiced [her] in the pursuance of her legal damages and has deprived her of a valuable property right."

I will first consider the latter of the two alternative prayers for relief, petitioner's request for leave to institute quo warranto proceedings. Congressman Powell, of course, is not a party to the within proceedings. Assuming that petitioner can obtain personal jurisdiction of Congressman Powell, has she standing to maintain a proceeding in the nature of quo warranto to determine his right or title to the office of United States Congressional Representative? Assuming, for the purposes of the motion, that petitioner's property rights may have been affected by Congressman Powell's "Congressional Immunity", she asserts no personal interest in the office he purports to hold. I am constrained to hold that her status as a judgment-creditor does not, by reason of her inability to obtain his arrest while protected by "Congressional Immunity", vest her with the "personal and direct interest in the subject of the litigation" (i. e., the office of Congressional Representative) required to entitle her to institute such a proceeding. Newman v. U. S. ex rel. Frizzell, 238 U.S. 537, 35 S.Ct. 881, 59 L.Ed. 1446 (1915); see also Ex parte Albert Levitt, 302 U.S. 633, 58 S.Ct. 1, 82 L.Ed. 493 (1937) (Per curiam); Fairchild v. Hughes, 258 U.S. 126, 42 S.Ct. 274, 11 L.Ed. 499 (1922); Commonwealth of Massachusetts v. Mellon, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078 (1923).

Having no status to maintain an action in the nature of quo warranto, may petitioner mandamus the Attorney General to institute such a proceeding? The basis of petitioner's claim is Article 1, Section 2, Clause 2, of the United States Constitution (U.S.Const. art. 1, § 2, clause 1) provides that:

"No person shall be a Representative * * * who shall not, when elected, be an Inhabitant of that State in which he shall be chosen."

No question of the construction of the provision is involved herein. For the purposes of this motion it is assumed that Congressman Powell was not an inhabitant of New York at the time of his

election, since respondent has not answered the petition but has moved to dismiss. Petitioner relies on Section 1651(a) of Title 28 of the United States Code (28 U.S.C. § 1651(a) (1950))—the "all writs statute"—and Title 28 of the United States Code, Section 1361 (28 U.S.C. § 1361 (Supp. 1964)). The former statute is clearly not applicable, since it does not purport to confer original jurisdiction but rather to prescribe the scope of relief which may be granted when jurisdiction otherwise exists. United States ex rel. Vassel v. Durning, 152 F.2d 455 (2d Cir. 1945) (Per curiam); Pugach v. Klein, 193 F.Supp. 630 (S.D.N.Y.1961). The latter statute (28 U.S.C. § 1361) as amended to take effect October 5, 1962, provides that:

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

It is difficult to find any duty owed to petitioner by respondent herein. If petitioner has no standing to maintain an action in the nature of quo warranto, can she compel, by writ of mandamus, the Attorney General to institute such an action on her behalf and in discharge of a duty owed to her?

■■ Section 1361 of Title 28 was enacted to extend to the Federal District Courts the authority to issue writs of mandamus theretofore granted to the District Courts in the District of Columbia; however, it does not enlarge the scope of permissible mandamus relief. Smith v. United States, 333 F.2d 70, 72 (10th Cir. 1964); see 2 United States Code Cong. & Adm. News, pp. 2784–2785 (1962). What petitioner seeks is not an administrative determination but rather a determination as to the manner in which the Attorney General's discretion is to be exercised. The only federal authority for the institution of quo warranto proceedings is Title 16 of the District of Columbia Code, Sections 1601–1604 (1961 ed.), and while constituting general laws of the United

States, it is clear that the institution of such proceedings is a matter within the discretion of the Attorney General, since Section 1603 of the District of Columbia Code provides for the institution of such proceedings by an "interested person" if the Attorney General refuses to act. In any event, an action under Title 16 of the District of Columbia Code, Sections 1601 et seq. must be brought only in the District Court for the District of Columbia. United States ex rel. State of Wisconsin v. First Federal Savings & Loan Ass'n, 248 F.2d 804 (7th Cir. 1957), cert. denied, 355 U.S. 957, 78 S.Ct. 543, 2 L.Ed.2d 533 (1958). The institution of such a proceeding in the District Court for the District of Columbia being within the discretion of the Attorney General, this Court has no power to compel its exercise. This principle has not been changed by the enactment of Section 1361 of Title 28 of the United States Code. Parker v. Kennedy, 212 F.Supp. 594, 595 (S.D.N.Y. 1963).

Finally, and it seems to the Court, conclusive, is the undeniable fact that Article 1, Section 5, Clause 1, of the Constitution (U.S.Const. art. 1, § 5, clause 2) provides that:

"Each House shall be the Judge of the Elections, Returns and Qualifications of its own Members, * *."

■■ Accordingly, the federal courts have no jurisdiction to pass on the qualifications and the legality of the election of any member of the House of Representatives. See Keogh v. Horner, 8 F. Supp. 933 (S.D.Ill.1934); cf., Sevilla v. Elizalde, 112 F.2d 29 (D.C. Cir. 1940); see also Reed v. County Comm'rs, 277 U. S. 376, 388, 48 S.Ct. 531, 72 L.Ed. 924 (1928). Nor has the Attorney General power to compel action by the House of Representatives.

"The concept that the court should order the individual defendants to request Congress to give equitable relief to the plaintiffs violates the well established principle of separation of powers. We agree with the trial court that it 'would thwart every constitutional canon for this court to order an arm of

the Executive Department to demand action by the Legislative Department.'" Smith v. United States, 333 F.2d 70, 72 (10th Cir. 1964); see Parker v. Kennedy, supra, 212 F.Supp. at 595. Petitioner, in her reliance on cases such as W.M.C.A., Inc. v. Simon, 370 U.S. 190, 82 S.Ct. 1234, 8 L.Ed.2d 430 (1962); Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962); and Brown v. Board of Educ., 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954), confuses questions concerning the supremacy of the federal constitution and the doctrine of federalism with the relationship among the three branches of our Federal Government and the doctrine of separation of powers.

It is not necessary to determine whether petitioner could have contested Congressman Powell's election under Title 2, Chapter 7 of the United States Code, since in any event her time to so act has long since passed (2 U.S.C. § 201 (1927)).

Petitioner's motion is accordingly denied and her petition is dismissed.

So ordered.