was found and remand the case for further proceedings in accordance with the applicable rules of law properly applied. §§ 1421 et seq. of Title 5 V.I.C. give the court this power." King Christian Enterprises, Inc. v. Government of Virgin Islands, 345 F.2d 633.

For the above reasons the application is remanded to the Governor for further proceedings in accordance with the applicable rules of law properly applied and consistent with this Court's decision.

**Gerald Joseph SCHILLINGER, Petitioner,**

v.

**The UNITED STATES DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION, WASHINGTON, D. C., Respondent.**

**No. 497 Misc.**

United States District Court
M. D. Pennsylvania.

April 15, 1966.

Gerald Joseph Schillinger, pro se.

## MEMORANDUM

NEALON, District Judge.

Gerald J. Schillinger, presently confined in the Farview State Hospital in Waymart, Pennsylvania, filed a petition for a Writ of Mandamus, requesting this Court to issue an order compelling the United States Department of Justice to produce to the relator a complete copy of the Department's report of an investigation it performed in regard to the relator's complaint that he was treated cruelly, that his constitutional and civil rights were violated, and that he was being unjustly deprived of his liberty by detention at the Farview State Hospital.

Treating the papers filed by the petitioner as a request of this Court to issue a Writ of Mandamus compelling action by a federal agency to perform a duty owed to the petitioner, as allowed under 28 U.S.C.A. § 1361, it is clear that this Court has no jurisdiction to grant such relief. This section was not intended to influence a discretionary decision in any manner and such an order may be issued only in cases involving nondiscretionary duties. Application of James, 241 F.Supp. 858 (D.C.N.Y.1965); Switzerland Co. v. Udall, 225 F.Supp. 812 (D.C.N.C.1964). Since the Department of Justice owes no duty to the petitioner in regard to discovery of this investigative report under the "Jencks Act", 18 U.S.C.A. § 3500, this Court is without power, under these circumstances, to issue a Writ of Mandamus.

## ORDER

Now, April 15, 1966, in accordance with the Memorandum this day filed, it is hereby Ordered and Decreed that the petitioner's motion for a Writ of Mandamus is denied.

For record purposes, leave to commence this action in forma pauperis is granted in order that the Clerk of Courts may file and docket the petition and Order.