**Reid Tucker HILL, Plaintiff,**

v.

**UNITED STATES BOARD OF PAROLE**
and Jacob J. Parker, Warden, United States Penitentiary, Lewisburg, Pennsylvania, Defendants.

Civ. A. No. 9567.

United States District Court
M. D. Pennsylvania.
Aug. 22, 1966.

Reid Tucker Hill, in pro. per.
No appearance for defendants.

## MEMORANDUM

FOLLMER, District Judge.

Reid Tucker Hill, an inmate at the United States Penitentiary, Lewisburg, Pennsylvania, has submitted a document entitled "Petition for a Writ of Mandamus Pursuant to 28 U.S.C. § 1651. In Forma Pauperis 28 U.S.C. § 1915." A similar "Petition" was dismissed because it failed to state any facts from which it could be determined if there was any merit to the action. Hill v. U. S. Board of Parole et al., Civil Action No. 9460 (M.D.Pa. Decided July 1, 1966, unreported). Hill has now added some factual allegations to support his contention that he was wrongfully deprived of 307 days good time and 13 months and 10 days of parole time.

Hill contends that jurisdiction is founded under 28 U.S.C. § 1651. That statute reads as follows:

"(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or apppropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

(b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction."

■ 28 U.S.C. § 1651 does not purport to confer original jurisdiction on courts, but prescribes the scope of relief which may be granted when jurisdiction otherwise exists. Application of James, 241 F.Supp. 858, 860 (S.D.N.Y.1965). Accordingly, original jurisdiction is not obtained under 28 U.S.C. § 1651.

■ However, since this "Petition" is by a layman, this Court will give it a reasonably broad construction. The "Petition" is labeled as one for mandamus. The statute relating to actions instituted to compel officers, employees or agencies of the United States to perform certain duties is 28 U.S.C. § 1361. That statute reads as follows:

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

■ The purpose of 28 U.S.C. § 1361 is to confer jurisdiction on district courts to compel a Government official or agency to perform a duty owed to the plaintiff or to make a decision, but not to direct or influence the exercise of discretion of the officer or agency in the making of the decision. 1962 U.S. Code Cong. & Ad. News, p. 2784.

Assuming that Hill wants this Court to take jurisdiction under 28 U.S.C. § 1361, it must then be determined if there is a "duty owed to the plaintiff." In determining whether there is such a duty, the allegations of Hill will be examined.

On November 6, 1962, Hill received a four year sentence in a federal district court. He was released on parole on March 2, 1965. At this point he had earned 307 days good time. On April 12, 1966, he was arrested and returned to the Lewisburg Penitentiary as a parole violator. His 307 days good time were taken away and his release date is now designated as December 15, 1967. He claims that his good time could not be taken away, and that in any event his release date should be November 5, 1966.

Hill wants this Court to compel the defendants to enter a new release date for him. The purpose of 28 U.S.C. § 1361 is to compel a Government official or agency to perform a duty or to make a decision. Here the decision has been made. The statute was aimed at compelling an official or agency to act where there is a duty to act or where the official or agency has failed to make any decision in a matter involving the exercise of discretion, but only to order that a decision be made and with no control over the substance of the decision. 1962 U.S. Code Cong. & Ad. News, p. 2787; See Schillinger v. U. S. Dept. of Justice et al., 259 F.Supp. 29 (M.D.Pa. Decided April 15, 1966).

■ The allegations contained in the "Petition" are frivolous in any event. Similar allegations were raised in the

case of McMillan v. Parker, 254 F.Supp. 365 (M.D.Pa. 1966), and this Court held that good time allowances are forfeited by violation of the conditions of parole under 18 U.S.C. § 4205. See Hedrick v. Steele, 187 F.2d 261 (8th Cir. 1951). Moreover, a prisoner is not entitled to credit on his original sentence for the time which he spent on parole. Hodge v. Markley, 339 F.2d 973 (7th Cir. 1965). There is no merit in his allegation that his sentence should expire on November 5, 1966.

█ Since the United States Board of Parole and Warden J. J. Parker owe no duty to the petitioner in regard to the computation of his sentence, this Court is without power, under these circumstances, to issue a Writ of Mandamus. Any further proceedings would be futile.

Accordingly, the request to proceed in forma pauperis must be denied and the "Petition" must be dismissed.