Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| MIGDALIA I. GONZÁLEZ ARROYO<br><br>APELANTE<br><br>v.<br><br>COMISIÓN ESTATAL DE ELECCIONES, A TRAVÉS DE SU PRESIDENTA INTERINA, HON. JÉSSIKA D. PADILLA RIVERA; ANÍBAL VEGA BORGES, COMISIONADO ELECTORAL DEL PARTIDO NUEVO PROGRESISTA (PNP); KARLA M. ANGLERÓ GONZÁLEZ, COMISIONADA ELECTORAL DEL PARTIDO POPULAR DEMOCRÁTICO (PPD) LILLIAN APONTE DONES, COMISIONADA ELECTORAL DEL MOVIMIENTO VICTORIA CIUDADANA (MVC); ROBERTO IVÁN APONTE BERRÍOS, COMISIONADO ELECTORAL DEL PARTIDO INDEPENDENTISTA PUERTORRIQUEÑO (PIP); JUAN MANUEL FRONTERA SUAU, COMISIONADO ELECTORAL DEL PROYECTO DIGNIDAD (PD); JEISON ROSA; KAREN MICHELLE ROMÁN RODRÍGUEZ Y SENADO DE PUERTO RICO, A TRAVÉS DE SU SECRETARIO, YAMIL RIVERA VÉLEZ<br>APELADA | KLAN202500031 | Apelación procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm.: SJ2025CV00109<br><br>Sobre: Impugnación de certificación de elección bajo el Art. 10.15 de la Ley 58-2020; Sentencia declaratoria; *Mandamus*; Interdicto provisional y permanente |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo

Ortiz Flores, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 30 de abril de 2025.

Comparece ante nosotras la Sra. Migdalia I. González Arroyo (Sra. González Arroyo; apelante) mediante el presente recurso de apelación y nos solicita que revoquemos la *Sentencia*, emitida y notificada el 10 de enero de 2025, por el Tribunal de Primera Instancia, Sala Superior de San

Número Identificador
SEN2025_____

Juan (TPI). Mediante la referida decisión, el TPI desestimó la causa de acción por carecer de jurisdicción para entender el caso.

Adelantamos que, por los fundamentos que exponemos a continuación, confirmamos el dictamen apelado.

**I**

El 7 de enero de 2025, la Sra. González Arroyo presentó una *Demanda Sentencia Declaratoria*, *Mandamus y Solicitud de Interdicto Provisional y Permanente* contra la Comisión Estatal de Elecciones (CEE), por conducto de su presidenta interina, Hon. Jessika D. Padilla Rivera (en conjunto, apelada) y las siguientes partes: Aníbal Vega Borges, Comisionado Electoral del Partido Nuevo Progresista; Karla Angleró González, Comisionada Electoral del Partido Popular Democrático; Lillian Aponte Dones, Comisionada Electoral del Movimiento Victoria Ciudadana; Roberto Iván Aponte Berríos, Comisionado Electoral del Partido Independentista Puertorriqueño; Juan Manuel Frontera Suau, Comisionado Electoral de Proyecto Dignidad; Jeison Rosa; Karen Michelle Román Rodríguez y el Senado de Puerto Rico (en conjunto partes con interés).[1] La apelante alegó lo siguiente: en el precinto 032, el Comisionado en Propiedad y Alterno del Partido Popular Democrático, radicaron 1,138 solicitudes de voto a domicilio de las cuales aprobaron 1,058; desde el 23 de octubre de 2024 hasta el 2 de noviembre de 2024, le tomaron el voto a más o menos 930 electores; el 6 de diciembre del mismo año se refirió a la mesa de los Comisionados Alternos un sobre con más o menos 100 papeletas que no fueron adjudicadas en mesa de escrutinio, debido a que, no tenían iniciales o solo tenían una inicial; la presidenta alterna de la CEE tenía ante su consideración un asunto similar del precinto 053; que no atendieron el asunto del precinto 032 debido a que se encontraban atendiendo el asunto del precinto 053; la presidenta alterna, Hon. Jessika D. Padilla Rivera, resolvió la situación del precinto 053 pero no así la del precinto 032; además de lo anterior, existía un restante de más o menos

---

[1] Apéndice de la Apelación, Anejo 3, págs. 9-37.

240 electores que votaron en la modalidad de voto adelantado, pero sus papeletas no habían sido adjudicadas; y, que solo se adjudicaron 626 papeletas del escrutinio general, cuando los comisionados del Partido Popular Democrático declararon bajo juramento que se le tomó el voto a más o menos 930 electores.

Asimismo, la apelante expuso en su demanda que, el 30 de diciembre de 2024, la CEE finalizó el escrutinio general.[2] Además, señaló que el 31 de diciembre de 2024, remitió una comunicación escrita a la presidenta interina de la CEE para que ordenara el recuento que establece la Ley 58-2020, según enmendada, conocida como el *Código Electoral de Puerto Rico de 2020* (16 LPRA sec. 4501) (Código Electoral de 2020). No obstante, **expone que la CEE emitió el 31 de diciembre de 2024 una Certificación de Elección a los candidatos Jeison Rosa y Karen Michelle Román Rodríguez**, esto **sin haber resuelto la petición de recuento instada por la apelante**. **Igualmente, expresó que, el 2 de enero de 2025, los funcionarios electos de la Rama Legislativa tomaron juramento de sus posiciones.**

Por todo lo anterior, la apelante le solicitó al TPI que determinara lo siguiente: **el Código Electoral no otorga discreción a la CEE de realizar o no el recuento cuando se cumple con lo establecido en el Artículo 10.8** del Código Electoral de 2020 (16 LPRA sec. 4758); que **la CEE tiene un deber ministerial de realizar un recuento cuando exista una diferencia de cien (100) puntos o menos, o del punto cinco por ciento (.5%) o menos, del total de votos adjudicados para ese cargo**; que **la**

---

[2] Según surge de la *Demanda*, el resultado para los senadores del Distrito IV de Mayagüez fue el siguiente:

| NOMBRE | VOTO | PORCIENTO |
|---|---|---|
| Jeison Rosa (El Calvito) | 57,015 | 20.10% |
| Karen Michelle Román Rodríguez | 56, 985 | 20.09% |
| Migdalia González | 56,908 | 20.06% |
| Juan Vega (Veguita) | 53,730 | 18.94% |
| Julia Rita Rodríguez Sánchez | 22,002 | 7.76% |
| José A. Bonilla Morales | 14,505 | 5.11% |
| Raúl López Vergé | 13, 245 | 4.67% |
| Neal (Nil) Matías | 9,271 | 3.27% |

**apelante tiene como derecho que la CEE realice un recuento en las candidaturas al Senado por el Distrito IV de Mayagüez**; que **la CEE deje sin efecto cualquier certificación emitida a los candidatos electos hasta tanto finalizara el recuento solicitado** y; que **en la alternativa ordene a la CEE realizar un nuevo conteo de todos los maletines que componen el precinto 032 de Isabela**. Anejó a su *Demanda* tres (3) declaraciones juradas y una *Certificación* de la CEE.

El 8 de enero de 2025, el TPI emitió una *Orden para Mostrar Causa*.[3] A través de esta, le concedió a la apelada y a las partes con interés en el pleito, un término de cinco (5) días para mostrar causa por la cual no debía conceder el remedio solicitado por la apelante.

Así las cosas, el TPI dictó y notificó, el 10 de enero de 2025, una *Sentencia* mediante la cual desestimó la *Demanda* por falta de jurisdicción.[4] El foro primario razonó que, toda vez que Jeison Rosado y Karen Michelle Román Rodríguez juramentaron como miembros del Senado de Puerto Rico, se activó la Sec. 9 del Artículo III de la Constitución de Puerto Rico, acogida en los Artículos 10.16 y 10.17 del Código Electoral de Puerto Rico de 2020, Ley Núm. 58-2020 (Código Electoral), que les confiere el poder a las cámaras legislativas para juzgar la capacidad legal de sus miembros.

Inconforme con dicha determinación, la apelante acudió ante este Tribunal de Apelaciones el 13 de enero de 2025, y nos señala la comisión de los siguientes errores:

> PRIMER ERROR: ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR EL RECURSO DE MARRAS POR FALTA DE JURISDICCIÓN CUANDO ES UN HECHO INDUBITADO QUE PENDÍA ANTE SU CONSIDERACIÓN UNA RECLAMACIÓN JUSTICIABLE Y QUE COMPETE AL PODER JUDICIAL SU ADJUDICACIÓN.
>
> SEGUNDO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARARSE SIN JURISDICCIÓN PARA ATENDER LA IMPUGNACIÓN PRESENTADA POR MIGDALIA GONZÁLEZ CONTRA LA CERTIFICACIÓN DE ELECCIÓN EN EL DISTRITO SENATORIAL DE MAYAGÜEZ IV, EMITIDA EL 31 DE DICIEMBRE DE 2024, CUANDO DICHA IMPUGNACIÓN FUE PRESENTADA OPORTUNAMENTE EL 7 DE ENERO DE 2025, DENTRO

---

[3] Apéndice de la Apelación, Anejo 2, págs. 6-8.
[4] Apéndice de la Apelación, Anejo 1, págs. 1-5.

DEL TÉRMINO DE DIEZ DÍAS DISPUESTO POR EL ARTÍCULO 10.15 DEL CÓDIGO ELECTORAL DE PUERTO RICO DE 2020, LEY NÚM. 58-2020, SEGÚN ENMENDADA, 16 LPRA § 4765, EL CUAL GARANTIZA A LOS CANDIDATOS EL DERECHO ESTATUTARIO A IMPUGNAR UNA ELECCIÓN CUANDO LAS RAZONES PRESENTADAS BAJO JURAMENTO, DE PROBARSE, PODRÍAN CAMBIAR EL RESULTADO ELECTORAL, POR LO QUE EL FORO PRIMARIO COMETIÓ UN ERROR MANIFIESTO AL RECHAZAR EJERCER SU JURISDICCIÓN EN UN CASO CLARAMENTE CONTEMPLADO EN LA NORMATIVA ELECTORAL VIGENTE.

Con el beneficio de los escritos presentados por ambas partes, procedemos a resolver.

**II**

**A**

"[L]os tribunales existen únicamente para resolver **controversias genuinas surgidas entre partes opuestas que tienen interés real en obtener un remedio** que haya de afectar sus relaciones jurídicas." *E.L.A. v. Aguayo*, 80 DPR 552, 558-559 (1958). (Énfasis nuestro.)

Se ha reconocido que "el principio de justiciabilidad como autolimitación del ejercicio del poder judicial responde en gran medida al papel asignado a la judicatura en una distribución tripartita de poderes, diseñada para asegurar que no intervendrá en áreas sometidas al criterio de otras ramas de gobierno". *Fund. Surfrider y otros v. A.R.Pe.,* 178 DPR 563 (2010), que cita a *Com. de la Mujer v. Srio. de Justicia*, 109 DPR 715, 720, (1980).

El concepto de justiciabilidad se deriva del Art. III de la Constitución Federal y "[r]equiere la existencia de un caso y controversia real para el ejercicio válido del poder judicial". *Com. de la Mujer v. Srio. de Justicia, supra.* Se trata de una doctrina auto impuesta, en virtud de la cual "los propios tribunales se preguntan y evalúan si es o no apropiado entender en determinado caso tomando en cuenta diversos factores y circunstancias mediante un análisis que les permite ejercer su discreción en cuanto al límite de su poder constitucional". *Id.* También "[s]e ha dicho que la madurez de un caso 'enfoca la proximidad temporal del daño sobre el litigante, mientras que la capacidad enfoca la naturaleza del interés

invocado por el litigante'". *Id.*, que cita a Brilmayer, *Judicial Review, Justiciability and the Limit of the Common Law Method*, 57 Boston Univ. L. Rev. 807, 821 (1977).

Estamos ante un **caso o controversia que no es justiciable** en los siguientes supuestos: (1) cuando se trata de resolver una cuestión política; (2) cuando una de las partes no tiene capacidad jurídica para promover un pleito; (3) cuando después de comenzado un pleito, hechos posteriores lo convierten en académico; (4) cuando las partes buscan obtener una "opinión consultiva"; y, (5) cuando se promueve un pleito que no está maduro. *Noriega Rodríguez v. Hernández Colón*, 135 DPR 406, 421-422 (1994), seguido en *P.N.P. v. Carrasquillo*, 166 DPR 70, 75 (2005).

Además, "[u]na de las doctrinas de autolimitación derivadas del principio de 'caso o controversia' es la legitimación de la parte que acude ante el foro judicial". *Fund. Surfrider y otros v. ARPE, supra.* Cuando un litigante solicita la revisión judicial sobre la legalidad o constitucionalidad de una acción o decisión administrativa a través de un pleito civil, éste tiene que demostrar lo siguiente: (1) ha sufrido un daño claro y palpable; (2) el daño es real, inmediato y preciso, y no abstracto o hipotético; (3) existe una relación causal razonable entre la acción que se ejercita y el daño sufrido; y (4) la causa de acción debe surgir al amparo de la Constitución o de alguna ley. *Fund. Surfrider y otros v. ARPE, supra*, que cita a: *Col. Peritos Elec. y. A.E.E.*, 150 DPR 327 (2000); *Hernández Torres v. Hernández Colón, et. al.*, 131 DPR 593, 599 (1992).

La *jurisdicción* se refiere al poder o autoridad de un tribunal para considerar y decidir casos, por lo que su ausencia priva a un foro judicial del poder necesario para adjudicar una controversia. *Metro Senior v. AFV*, 209 DPR 203, 208 (2022); *Allied Mgmt. Group, v. Oriental Bank,* 204 DPR 374, 385-386 (2020). En múltiples y variadas ocasiones, el Tribunal Supremo ha expresado que los tribunales debemos ser celosos guardianes de esa jurisdicción que nos ha sido concedida, examinando tal aspecto en

primer orden, incluso cuando no haya sido planteado por ninguna de las partes. *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228, 234 (2014).

Además, se ha señalado que los tribunales no tienen discreción para asumir jurisdicción donde no la hay. *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652 (2014); *S.L.G. Solá-Morreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011); *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).

**B**

La sección 9 del Artículo III de la Constitución de Puerto Rico dispone lo siguiente:

> **Cada cámara será el único juez de la capacidad legal de sus miembros, de la validez de las actas y del escrutinio de su elección**; elegirá sus funcionarios, adoptará las reglas propias de cuerpos legislativos para sus procedimientos y gobierno interno; y con la concurrencia de tres cuartas partes del número total de los miembros de que se compone, podrá decretar la expulsión de cualquiera de ellos por las mismas causas que se señalan para autorizar juicios de residencia en la sección 21 de este Artículo. Cada cámara elegirá un presidente de entre sus miembros respectivos. Art. III, Sec. 9, Const. PR, LPRA, Tomo 1. (Énfasis nuestro.)

Al interpretar el alcance de esta disposición, en cuanto al poder para ordenar el recuento de los votos, el Tribunal Supremo de Puerto Rico ha pautado lo siguiente:

> Impugnada oportunamente la elección de un miembro de las Cámaras, el cuerpo legislativo correspondiente goza de poder constitucional exclusivo para decidir si ordena un recuento de los votos del legislador cuya elección se ha cuestionado. La Constitución le faculta para ser 'el único juez de la... validez...y del escrutinio de su elección', y la decisión de si conviene hacer un recuento es parte indispensable de dicha facultad. *Santa Aponte v. Srio de Hacienda*, 105 DPR 750, 764 (1977), que cita a *Reed v. County Commissioners*, 277 U.S. 376, 388 (1927).

Asimismo, el Artículo 10.17 del Código Electoral de Puerto Rico de 2020, Ley Núm. 58-2020 (Código Electoral), dispone lo siguiente:

> De conformidad con la Constitución de Puerto Rico, el Senado de Puerto Rico y la Cámara de Representantes de Puerto Rico **serán los únicos jueces de la capacidad legal de sus respectivos miembros, de la validez de las actas y del escrutinio de la elección de sus miembros**. En caso de que se impugnase la elección de un miembro del Senado o de la Cámara de Representantes, la Comisión pondrá a disposición del cuerpo legislativo concernido todos los

documentos y papeles relacionados con la elección en controversia.16 LPRA sec. 4767. (Énfasis nuestro.)

**III**

La apelante nos señala que el Tribunal de Primera Instancia incidió al desestimar el recurso ante nuestra consideración por falta de jurisdicción, y al declararse sin jurisdicción para atender la impugnación presentada por la Sra. González Arroyo contra la certificación de elección en el Distrito Senatorial de Mayagüez IV, emitida el 31 de diciembre de 2024. Argumenta que su reclamación es justiciable, por lo cual le compete al Poder Judicial su adjudicación y que presentó su impugnación el 7 de enero de 2025, dentro del término de diez (10) días dispuesto por el Artículo 10.15 del Código Electoral. No tiene razón.

La apelante, candidata a senadora por el Distrito IV correspondiente a Mayagüez y Aguadilla en las Elecciones Generales de 2024, presentó el 7 de enero de 2025 ante el TPI una demanda sobre impugnación de la Certificación de la CEE emitida el 31 de diciembre de 2024, la cual certificó como senadores electos a los candidatos Jeison Rosa y Karen Román del Distrito Senatorial IV de Mayagüez bajo el Articulo 10.15 de la Ley Núm. 58-2020, antes citada, y solicitó un recuento sobre el resultado. Alega en la demanda que "[e]l 2 de enero de 2025[,] los funcionarios electos certificados de la Rama Legislativa tomaron juramento de sus posiciones".[5]

Ante estos hechos, el TPI desestimó la demanda por carecer de jurisdicción para entender en el caso, con las siguientes conclusiones de derecho:

> En el presente caso, Jesiel Rosado y Karen Michelle Román Rodríguez ya juramentaron como miembros del Senado de Puerto Rico. Expedida la certificación de la elección y juramentados al cargo los candidatos, se activa el poder de las cámaras legislativas para juzgar la capacidad legal de sus miembros. En consecuencia, en este caso en particular, es el Senado de Puerto Rico quien asume por mandato constitucional, jurisdicción para entender en la controversia que trae a nuestra atención González Arroyo, **siempre y cuando sea traída a su atención en el término de diez (10) días siguientes a la fecha de notificación de la certificación de elección**. Por lo tanto, este tribunal concluye

---

[5] Apendice de la *Apelación*, Anejo 3, pág. 13.

que debe guardar deferencia a la Rama Legislativa según legisló en los Art. 10.16 y 10.17 del Código Electoral, *supra*.[6]

El foro apelado no erró en su proceder, pues los tribunales no tienen discreción para asumir jurisdicción donde no la hay. *Mun. de San Sebastián v. QMC Telecom*, *supra*; *S.L.G. Solá-Morreno v. Bengoa Becerra*, *supra*; *González v. Mayagüez Resort & Casino*, *supra*. La jurisdicción es un asunto que debemos examinar cuidadosamente, pues si no poseemos autoridad en ley para dirimir una causa cualquier pronunciamiento será nulo, salvo que sea para declarar la falta de jurisdicción y desestimar. 143 DPR 314, 326 (1997).

**IV**

Por los fundamentos que anteceden, confirmamos la *Sentencia* apelada.

**Notifíquese.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[6] Apendice de la *Apelación*, Anejo 1, págs. 4-5.